NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT JOEY MILLS, *Appellant*.

No. 1 CA-CR 21-0216
FILED 2-17-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202000069
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1**         This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Robert Joey Mills advised this court that she has found no arguable question of law after searching the entire record and asks this court to conduct an *Anders* review. Mills was provided an opportunity to file a supplemental brief but did not do so. This court has reviewed the record and has found no reversible error. Accordingly, Mills' convictions and resulting sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Early one morning in July 2019, the Arizona Department of Public Safety (DPS) executed a search warrant at a house in Kingman where Mills was located. During the search, DPS found several bags of methamphetamine and marijuana as well as drug paraphernalia, including digital scales and plastic bags. In Mills' bedroom, DPS found two safes containing several bags of marijuana, four bags of methamphetamine, rifles and a handgun. Additional weapons were found between a dresser and a wall in Mills' room. The dresser also had two loaded handguns, Mills' driver's license, a large bag of marijuana, $850 in U.S. currency and "miscellaneous non-American currency."

**¶3**         After taking Mills into custody and reading him his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), DPS questioned Mills at the house and the Mohave County Jail. Mills admitted that the guns found in the gun safe belonged to him, that he used methamphetamine the day before, that his fingerprints were "probably going to be on the bags of meth," that the methamphetamine had been collected for years and some of it was "not good" and that he sells "quarters or whatever, maybe for $100.00."

¶4        The State charged Mills with: (1) possession of dangerous drugs for sale (methamphetamine), a class 2 felony; (2) possession of marijuana for sale, a class 3 felony and (3) misconduct involving weapons, a class 4 felony. The court appointed counsel to represent Mills. After Mills' request for new counsel was denied, he hired private counsel.

¶5        Mills rejected a plea offer at a July 2020 settlement conference. A November 2020 trial resulted in a mistrial before any evidence was received given an incident between court staff and two jurors. The court then set a new trial for January 2021.

¶6        In December 2020, in response to the COVID-19 pandemic, the State requested a continuance. The court granted the State's motion and trial was held in late March 2021.

¶7        At trial before an eight-person jury, the State called three witnesses including an expert who identified the drugs found at the house. Mills elected not to testify, as was his right, and the jury found him guilty on all three counts. During the aggravating circumstances phase, the jury found the drug offenses were committed with the expectation of pecuniary gain but rejected the allegation of the presence of an accomplice.

¶8        At sentencing, after hearing from counsel, Mills elected not to address the court. Finding mitigating factors outweighed the aggravating circumstance, the court imposed presumptive mitigated sentences. Mills was sentenced as a non-dangerous, non-repetitive offender to concurrent prison terms, the longest of which was 5 years. Mills was correctly awarded 256 days of presentence incarceration credit. This court has jurisdiction over Mills' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2022).

**DISCUSSION**

¶9        The record shows that Mills was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentences imposed were within statutory limits. The award of presentence incarceration credit was accurate. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

**CONCLUSION**

**¶10** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Mills' conviction and resulting sentences are affirmed.

**¶11** Upon the filing of this decision, counsel is directed to inform Mills of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Mills has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4